UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S.Y. and C.S.,

    Plaintiffs,

v.                                             Case No.: _____

NAPLES HOTEL COMPANY, a Florida
corporation d/b/a GULFCOAST INN NAPLES;
THE GULFCOAST INN OF NAPLES OWNERS
ASSOCIATION, INC.; GREGORY HINES,
Individually; KEITH LEWIS, individually; and
JOHN DOE, as agent of NAPLES HOTEL
COMPANY d/b/a GULFCOAST INN NAPLES
and/or THE GULFCOAST INN OF NAPLES
OWNERS ASSOCIATION, INC.; BEST WESTERN
INTERNATIONAL, INC. d/b/a BEST WESTERN
NAPLES PLAZA HOTEL; BEST WESTERN
INTERNATIONAL, INC. d/b/a BEST WESTERN
NAPLES INN & SUITES; CHOICE HOTELS
INTERNATIONAL, INC. d/b/a QUALITY INN
& SUITES GOLF RESORT; CHOICE HOTELS
INTERNATIONAL, INC. d/b/a COMFORT INN &
EXECUTIVE SUITES; HILTON WORLDWIDE,
INC., d/b/a HAMPTON INN; PARK HOTELS &
RESORTS INC. d/b/a HAMPTON INN; HILTON
WORLDWIDE HOLDINGS INC. d/b/a HAMPTON
INN; HILTON DOMESTIC OPERATING COMPANY
INC. d/b/a HAMPTON INN; INTERCONTINENTAL
HOTELS GROUP RESOURCES, LLC d/b/a
HOLIDAY INN EXPRESS; INTER-CONTINENTAL
HOTELS CORPORATION d/b/a HOLIDAY INN
EXPRESS; INTERCONTINENTAL HOTELS GROUP
RESOURCES, LLC d/b/a STAYBRIDGE SUITES;
INTER-CONTINENTAL HOTELS CORPORATION
d/b/a STAYBRIDGE SUITES; MARRIOTT
INTERNATIONAL, INC. d/b/a RESIDENCE INN
BY MARRIOTT; MARRIOTT HOTEL SERVICES,
INC. d/b/a RESIDENCE INN BY MARRIOTT;
MARS MERGER SUB, LLC d/b/a RESIDENCE
INN BY MARRIOTT; STARWOOD HOTELS &
RESORTS WORLDWIDE, INC. d/b/a RESIDENCE
INN BY MARRIOTT; STARWOOD HOTELS &

1

RESORTS WORLDWIDE, LLC d/b/a
RESIDENCE INN BY MARRIOTT; MARRIOTT
INTERNATIONAL, INC. d/b/a FAIRFIELD INN &
SUITES BY MARRIOTT; MARRIOTT HOTEL
SERVICES, INC. d/b/a FAIRFIELD INN & SUITES
BY MARRIOTT; MARS MERGER SUB, LLC
d/b/a FAIRFIELD INN & SUITES BY MARRIOTT;
STARWOOD HOTELS & RESORTS WORLDWIDE,
INC. d/b/a FAIRFIELD INN & SUITES BY
MARRIOTT; STARWOOD HOTELS & RESORTS
WORLDWIDE, LLC d/b/a FAIRFIELD INN &
SUITES BY MARRIOTT; WYNDHAM
FRANCHISOR, LLC d/b/a LA QUINTA INN;
WYNDHAM HOTELS & RESORTS, INC. d/b/a
LA QUINTA INN; WYNDHAM FRANCHISOR,
LLC d/b/a DAYS INN & SUITES; WYNDHAM
HOTELS & RESORTS, INC. d/b/a DAYS INN &
SUITES; WYNDHAM FRANCHISOR, LLC d/b/a
SUPER 8 BY WYNDHAM; WYNDHAM HOTELS
& RESORTS, INC. d/b/a SUPER 8 BY WYNDHAM;
WYNDHAM FRANCHISOR, LLC d/b/a RAMADA
BY WYNDHAM NAPLES; WYNDHAM HOTELS &
RESORTS, INC. d/b/a RAMADA BY WYNDHAM
NAPLES; NAPLES GARDEN INN, LLC d/b/a NAPLES
GARDEN INN; NAPLES PARK CENTRAL HOTEL,
LLC d/b/a NAPLES PARK CENTRAL HOTEL;
UOMI & KUDAI, LLC d/b/a SPINNAKER INN;
SHIVPARVTI, LLC d/b/a SUNRISE MOTEL;
MASTER CLEANERS PRO SERVICES INC. d/b/a
SUNRISE MOTEL; HOLISTIC HEALTH HEALING,
INC. d/b/a CONTY'S MOTEL; RADHEY INC.
d/b/a TAMIAMI MOTEL; JAY VARAHIMATA
INVESTMENTS, LLC d/b/a GLADES MOTEL; and
INN OF NAPLES, LLC d/b/a INN OF NAPLES,

  Defendants.
_____/

## NOTICE OF REMOVAL

  Choice Hotels International, Inc. ("Choice Hotels") (incorrectly named as doing business as various entities); Hilton Worldwide, Inc., Park Hotels & Resorts Inc., Hilton Worldwide Holdings Inc., and Hilton Domestic Operating Company Inc. ("Hilton") (incorrectly named as

2

doing business as various entities); Intercontinental Hotels Group Resources, LLC and Inter-Continental Hotels Corporation ("Intercontinental") (incorrectly named as doing business as various entities); Marriott International, Inc., Marriott Hotel Services, Inc., Mars Merger Sub, LLC, Starwood Hotels & Resorts Worldwide, Inc., and Starwood Hotels & Resorts Worldwide, LLC ("Marriott") (incorrectly named as doing business as various entities); Wyndham Franchisor, LLC and Wyndham Hotels & Resorts, Inc. ("Wyndham") (incorrectly named as doing business as various entities); Naples Garden Inn, LLC d/b/a Naples Garden Inn; Naples Hotel Company, d/b/a Gulfcoast Inn Naples; The Gulfcoast Inn Of Naples Owners Association, Inc.; Naples Park Central Hotel, LLC d/b/a Naples Park Central Hotel; Uomi & Kudai, LLC d/b/a Spinnaker Inn; Shivparvti, LLC d/b/a Sunrise Motel; Master Cleaners Pro Services Inc. d/b/a Sunrise Motel; Holistic Health Healing, Inc. d/b/a Conty's Motel; Jay Varahimata Investments, LLC d/b/a Glades Motel; and Inn Of Naples, LLC d/b/a Inn Of Naples (all together collectively, the "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, respectfully give notice of the removal of this action from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, to the United States District Court for the Middle District of Florida. As grounds for removal, Defendants state as follows:

I. **INTRODUCTION**

1. Plaintiffs filed this action in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, Case No. 11-2019-CA-004318-0001 (the "State Court Action") on October 30, 2019. On December 31, 2019, Plaintiffs filed a First Amended Complaint, adding claims and defendants. Defendants were first served with process on January 22, 2020.

2. Copies of all process, pleadings, orders, and other papers on file in the State Court Action are attached as follow:

- The Amended Complaint is attached as **Exhibit A**;

- All pending motions in the State Court Action are attached as **Exhibit B**;

- The docket sheet for the State Court Action is attached as **Exhibit C**;

- All other documents filed in the State Court Action are attached as **Exhibit D**.

3. The Amended Complaint asserts claims styled as follow: (1) violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1595; (2) violation of the Florida Civil Remedies for Criminal Practices Act ("CRCPA"), § 772.104, Fla. Stat.; (3) premises liability; (4) breach of contract; (5) negligent hiring, entrustment and supervision; (6) negligent rescue; (7) unjust enrichment; (8) aiding and abetting, harboring, confining, coercion and criminal enterprise; (9) negligent infliction of emotional distress; and (10) assault and battery and kidnapping offenses.

4. The Amended Complaint purports to be "an action against, inter alia, hotel owners, operators and/or franchisees who knew or should have known that sex trafficking and other criminal activity was occurring, and would continue to occur, on their hotel premises as a result of their misfeasance and nonfeasance."[1] Amended Complaint at ¶ 5.

5. As set out below, removal of the State Court Action is proper because this is a civil action that falls under the Court's original jurisdiction. Specifically, Plaintiffs have made claims against Defendants arising under federal law. See 28 U.S.C. §§ 1331, 1441(a).

6. This Court also has supplemental jurisdiction over Plaintiffs' claims that do not arise under federal law because each claim is "so related to claims in the action within [this

---

[1] Defendants appear in this action exclusively for the limited purpose of removal and expressly reserve all rights and defenses. Defendants' appearance and removal does not concede the truth or accuracy of any of the Amended Complaints' allegations, does not concede that they state a claim for which relief can be granted, and does not waive any defenses thereto.

Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## II. BASIS FOR REMOVAL

7. This case is removable pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

### a. Federal Question Jurisdiction

8. This Court has original, federal question jurisdiction over this action. Section 1331 of Chapter 28 of the U.S. Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. The Amended Complaint asserts claims for violation of the TVPA. See Amended Complaint at ¶ 131. ("The Defendants' acts, omissions, and commissions, taken separately and/or together, outlined above, constitute a violation of 18 U.S.C. §1595.). The TVPA creates a federal cause of action for violations of the Act, which may be brought "in the appropriate district court of the United States." 18 U.S.C. § 1595(a).

10. Because Plaintiff's First Amended Complaint asserts a claim arising under the laws of the United States, this action is within the original jurisdiction of this Court under 28 U.S.C. § 1331. As such, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### b. Supplemental Jurisdiction

11. Plaintiffs' state law claims are properly before this Court under its supplemental jurisdiction because each such claim is "so related to claims in the action within [this Court's]

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

12. Plaintiffs' TVPA and state law claims are based on the same factual allegations. See Amended Complaint at ¶¶ 129, 135, 149, 165, 173, 183, 199, 208, 219, 226. Specifically, like their TVPA claims, each of Plaintiffs' state law claims center around Plaintiffs' allegation that they were harmed by Defendants' conduct with respect to hotels at which Plaintiffs were allegedly trafficked. Plaintiffs' state law claims are part of the same case or controversy as their TVPA claims, and the exercise of supplement jurisdiction is appropriate. See Magnifico v. Villanueva, 10-CV-80771, 2011 WL 13225178, at *2 (S.D. Fla. July 14, 2011) (exercising supplemental jurisdiction over state law claims "because they arise from the same nucleus of operative facts" as Plaintiffs' TVPA and other federal claims); Arreguin v. Sanchez, 398 F. Supp. 3d 1314, 1322 (S.D. Ga. 2019) ("This court also has subject-matter jurisdiction over this case because Plaintiffs' Complaint invokes federal-question jurisdiction under the FLSA and the TVPRA. The Court therefore has supplemental jurisdiction over Plaintiffs' related state law claims.")

### III. PROCEDURAL REQUIREMENTS

13. Defendants were served with process on January 22, 2020, and removal is thus timely pursuant to 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(a) and Rule 4.02(b), Local Rules of the United States District Court for the Middle District of Florida, correct copies of all process and documents filed in the State Court Action are attached as set out above as Exhibits A-D.

15. Defendants will have a copy of this Notice of Removal filed with the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, and provide

written notice to Plaintiffs, as provided by 28 U.S.C. § 1446(d). A copy of the Notice is attached hereto as **Exhibit E.**

16.  All Defendants that have been served with process consent to the removal of this action.[2]

17.  Venue is proper in the Middle District of Florida, Ft. Myers Division, as the Circuit Court in which the action is pending is within the jurisdictional confines of the Ft. Myers Division of the Middle District. See 28 U.S.C. § 1446(a); Rule 4.02(a), Local Rules of the United States District Court for the Middle District of Florida.

18.  Defendants attach a completed Civil Cover Sheet hereto as **Exhibit G**.

### IV.    CONCLUSION

WHEREFORE, Defendants respectfully give notice of the removal of the State Court Action to this United States District Court for the Middle District of Florida, and respectfully request that this Court assume jurisdiction over this action.

Dated:  February 21, 2020.

---

[2] Defendant Radhey Inc. d/b/a Tamiami Motel has not joined in this Notice of Removal but affirmatively consents to removal of this case. See Notice of Consent to Removal attached hereto as **Exhibit F**.

7

/s/ Michael A. Holtmann
Michael A. Holtmann
Florida Bar No. 981184
**WICKER SMITH**
2800 Ponce de Leon Blvd Ste. 800
Coral Gables, FL 33134-6913
Phone: 305-461-8770
Fax: 305-441-1745
Email: mholtmann@wickersmith.com

William N. Shepherd
Florida Bar No. 88668
**HOLLAND & KNIGHT LLP**
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL 33401
Phone: 561-883-2000
Fax: 561-650-8399
Email: william.shepherd@hklaw.com

John M. Hamrick (*pro hac vice* forthcoming)
Georgia Bar No. 322079
1180 West Peachtree Street, NW
Suite 1800
Atlanta, GA 30309
Phone: 404-817-8500
Fax: 404-881-0470
Email: john.hamrick@hklaw.com

*Counsel for Defendants*
*Intercontinental Hotels Group Resources,*
*LLC and Inter-Continental Hotels*
*Corporation*

/s/ Samuel L. Felker
Samuel L. Felker
Florida Bar No. 123800
**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, PC**
100 S.E. Third Ave., Suite 1620
Fort Lauderdale, Florida 33394
Phone: 954-768-1600
Email: samfelker@bakerdonelson.com

/s/ J. Trumon Phillips
Fredrick H.L. McClure
Florida Bar No. 147354
J. Trumon Phillips
Florida Bar No. 84568
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 300
Tampa, Florida 33607-6233
Phone:  813-229-2111
Fax:  813-229-1447
Email: fredrick.mcclure@dlapiper.com
        trumon.phillips@dlapiper.com
        sheila.hall@dlapiper.com

David S. Sager (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ  07078-2704
Phone:  973-520-2550
Fax:  973-520-2551
Email:  david.sager@dlapiper.com

*Counsel for Defendants*
*Wyndham Franchisor, LLC and*
*Wyndham Hotels & Resorts, Inc*

/s/ John M. Miller
John M. Miller
Florida Bar No. 61488
**HENDERSON, FRANKLIN, STARNES &**
**HOLT, P.A.**
Post Office Box 280
1715 Monroe Street
Fort Myers, FL  33902-0280
Phone:  239.344.1131
Fax: 239-344-1591
Email: john.miller@henlaw.com
        sandra.santiago@henlaw.com

8

Sara M. Turner (*pro hac vice* forthcoming)
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Phone: 205-328-0480
Email: smturner@bakerdonelson.com

*Counsel for Defendant*
*Choice Hotels International, Inc.*

Nicole M. Perry (*pro hac vice* forthcoming)
Texas State Bar No. 24056367
**JONES DAY**
717 Texas Street
Suite 3300
Houston, TX  77002.2712
Phone:  832-239-3939
Fax:   832-239-3600
Email:  nmperry@jonesday.com

*Counsel for Defendants*
*Hilton Worldwide Inc.,*
*Park Hotels & Resorts Inc.,*
*Hilton Worldwide Holdings Inc. and*
*Hilton Domestic Operating Company Inc.*

/s/ Brooke E. Beebe
Daniel A. Shapiro
Florida Bar No. 965960
Brooke W. Beebe
Florida Bar No. 744621
Dennis M. Arendall
Florida Bar No. 35268
**COLE, SCOTT, & KISSANE, P.A.**
27300 Riverview Center Boulevard,
Suite 200
Bonita Springs, Florida 34134
Phone: 239-690-7944
Fax: 239-738-7778
Email: daniel.shapiro@csklegal.com
brooke.beebe@csklegal.com
dennis.arendall@csklegal.com
hillary.hale@csklegal.com
margay.barchie@csklegal.com

*Counsel for Defendants*
*Jay Varahimata Investments, LLC,*
*Shivparvti, LLC,*
*Naples Park Central Hotel, LLC,*
*Holistic Health Healing, Inc. and*
*Uomi & Kudai, LLC*

/s/ Amanda E. Reagan
Fredrick H.L. McClure
Florida Bar No. 147354
Amanda E. Reagan
Florida Bar No. 92520
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 300
Tampa, Florida 33607-6233
Phone:  813-229-2111
Fax:  813-229-1447
Email: fredrick.mcclure@dlapiper.com
amy.reagan@dlapiper.com
sheila.hall@dlapiper.com

The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
Michael P. O'Day (*pro hac vice* forthcoming)
Ellen E. Dew (*pro hac vice* forthcoming)
Michael Bakhama (*pro hac vice* forthcoming)
Email: michael.oday@dlapiper.com
ellen.dew@dlapiper.com
michael.bakhama@dlapiper.com

*Counsel for Defendants*
*Marriott International, Inc.,*
*Marriott Hotel Services, Inc.,*
*Mars Merger Sub, LLC,*

9

*Starwood Hotels & Resorts Worldwide, Inc., and Starwood Hotels & Resorts Worldwide, LLC*

| | |
|---|---|
| */s/ Andrew Reiss*                         | */s/ Cristobal A. Casal*                    |
| Andrew Reiss | Cristobal A. Casal |
| Florida Bar No. 116955 | Florida Bar No. 12261 |
| **BOND, SCHOENECK & KING, PLLC** | **CONROY SIMBERG** |
| 4001 Tamiami Trail N. | 4315 Metro Parkway, Suite 250 |
| Suite 105 | Fort Myers, FL 33916 |
| Naples, Florida 34103 | Phone: 239-337-1101 |
| Phone: 239-659-3800 | Fax: 239-334-3382 |
| Fax: 239-659-3858 | Email: ccasal@conroysimberg.com |
| Email: areiss@bsk.com | |
|     knettles@bsk.com | *Counsel for Defendants* |
|     eservicefl@bsk.com | *Naples Garden Inn, LLC,* |
| | *Inn of Naples, LLC,* |
| *Counsel for Defendant* | *Naples Hotel Company, and* |
| *Master Cleaners Pro Services, Inc.* | *The Gulfcoast Inn of Naples Owners Association, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2020, a true and correct copy of the foregoing was furnished by CM/ECF to all counsel of record as listed below.

                                              s/ J. Trumon Phillips
                                              Attorney

EAST\171929242.3

**SERVICE LIST**

Sharon M. Hanlon
Law Office of Sharon M. Hanlon, PA
5633 Naples Boulevard
Naples, FL 34109
Phone:  239-598-3222
Email:  shanlon@zelmanandhanlon.com
            gcohen@zelmanandhanlon.com
-and-
Yale T. Freeman
Yale T. Freeman, PA
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108
Phone:  239-530-2500
Email:  freeman@ytfreemanlaw.com
-and-
Michael A. London
Diana Yastrovskaya
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY  10038
Phone:  212-566-7500
Fax:  212-566-7501
Email:  mlondon@douglasandlondon.com
            dyastrovskaya@douglasandlondon.com
*Attorneys for Plaintiffs*