UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S. Y. and C. S.,

     Plaintiffs,

v.                         Case No:  2:20-cv-118-FtM-29MRM

NAPLES HOTEL COMPANY, a
Florida Corporation,
GULFCOAST INN OF NAPLES
OWNERS ASSOCIATION, INC.,
BEST WESTERN INTERNATIONAL,
INC., CHOICE HOTELS
INTERNATIONAL, INC.,
INTERCONTINENTAL HOTELS
GROUP RESOURCES, LLC,
MARRIOTT INTERNATIONAL,
INC., WYNDHAM HOTELS &
RESORTS, INC., NAPLES GARDEN
INN, LLC, UOMI & KUDAI, LLC,
a Florida Limited Liability
Corporation, SHIVPARVTI,
LLC, a Florida Limited
Liability Corporation,
HOLISTIC HEALTH HEALING,
INC., a Florida Corporation,
JAY VARAHIMATA INVESTMENTS,
LLC., a Florida Limited
Corporation, INN OF NAPLES,
LLC, a Florida Limited
Liability Corporation, R & M
REAL ESTATE CO. INC., ROBERT
VOCISANO, HANUMAN OF NAPLES,
LLC, SHREE SIDDHIVINAYAK
HOSPITALITY, LLC, H. I.
NAPLES, LLC,
INTERCONTINENTAL HOTELS
GROUP, PLC, HIE TOLLGATE
BLVD, LLC, NAPLES CFC
ENTERPRISES, LTD., RESIDENCE
INN BY MARRIOTT, LLC, CSM RI
NAPLES, LLC, CSM
CORPORATION, LA QUINTA
PROPERTIES, INC., LA QUINTA

HOLDINGS, INC., COREPOINT
LODGING, INC., LQ FL
PROPERTIES, LLC, LAXMI OF
NAPLES, LLC, RIST
PROPERTIES, LLC, LAPORTA
FLORIDA CENTER, LLC, INN OF
NAPLES HOTEL, LLC, SEASONAL
INVESTMENTS, INC., SUNSTREAM
HOTELS & RESORTS, LLC, PARK
SHORE RESORT CONDOMINIUM
ASSOCIATION, INC., SEA SHELL
MANAGEMENT, LLC, CLAYTON
PLAZA, LLC, CPLG, LLC, and
ROBERT VOCISANO CO-TR,

     Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of defendant

Choice Hotels International, Inc.'s Motion to Dismiss Plaintiffs'

Second Amended Complaint, or in the alternative, To Sever and

Strike and Memorandum in Support (Doc. #149) filed on May 13, 2020.

Plaintiffs filed a Memorandum of Law in Opposition (Doc. #158) on

June 5, 2020, and defendant filed a Reply (Doc. #174) on June 19,

2020.  For the reasons that follow, the motion is granted in part

and denied in part.

### I.

Plaintiffs S.Y. and C.S. allege they were victims of sex

trafficking from 2013 to 2106 at various hotels.  (Doc. #85, ¶¶ 5,

10, 93-114.)  The defendants in this case are the alleged hotel

owners, operators, and/or franchisees of the properties where the

2

trafficking occurred.  (Id. ¶¶ 6-13, 93-114.)  One such defendant is Choice Hotels International, Inc., ("Choice") who is alleged to do business as Quality Inn and Comfort Inn & Executive Suites. (Id. ¶¶ 27-29.)

The operative pleading before the Court is the Second Amended Complaint, which asserts ten claims on behalf of each plaintiff against each defendant.  (Doc. #85.)   The ten claims are as follows: (1) violation of the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595; (2) violation of section 772.104, Florida Statutes; (3) premise liability; (4) breach of contract; (5) negligent hiring, entrustment and supervision; (6) negligent rescue; (7) unjust enrichment; (8) aiding and abetting, harboring, confining, coercion and criminal enterprise; (9) negligent infliction of emotional distress; and (10) assault, battery and kidnapping offenses.  (Id. pp. 93-111.)

On May 13, 2020, Choice filed the motion to dismiss currently before the Court.[1]  (Doc. #149.)  In the motion, Choice argues (1) the Second Amended Complaint should either be dismissed as a shotgun pleading or certain paragraphs therein should be stricken,

---

[1] Many if not all of the other defendants have filed similar motions, and there are currently over twenty motions to dismiss pending.   Given the Court's conclusion that the Second Amended Complaint will be dismissed without prejudice, these motions will be denied as moot.

(2) plaintiffs are improperly joined together in this matter, and (3) plaintiffs fail to state a cause of action for each of the claims asserted against Choice.  (Id. pp. 17-50.)  Because the Court ultimately determines the Second Amended Complaint will be dismissed with leave to amend and file additional cases, only some of these arguments will be addressed at this time.

## II.

### A. Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, Erickson v.

Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible.  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

In its motion, Choice argues all ten of the claims asserted against it in the Second Amended Complaint fail to state a claim and must be dismissed under Rule 12(b)(6).  (Doc. #149, pp. 22-50.)  In response, plaintiffs agree to withdraw six of the claims against Choice, but oppose dismissal of the remaining four.[2]  (Doc. #158, pp. 5-6.)  At this time, the Court will only address the arguments as they relate to the only claim upon which federal

_____

[2] Plaintiffs have similarly abandoned claims against other defendants in response to motions to dismiss.  See, e.g., (Doc. #293, p. 3) (withdrawing four claims against another defendant in response to a motion to dismiss).

jurisdiction is founded, the assertion that Choice violated the

TVPRA.

The TVPRA is a criminal statute that also provides a civil

remedy to victims of sex trafficking.   Section 1591 of the Act

imposes criminal liability for sex trafficking, while section 1595

provides the following civil remedy:

> (a) An individual who is a victim of a violation of this
> chapter may bring a civil action against the perpetrator
> (or whoever  knowingly  benefits,  financially  or  by
> receiving  anything  of  value  from  participation  in  a
> venture which that person knew or should have known has
> engaged in an act in violation of this chapter) in an
> appropriate district court of the United States and may
> recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a).   To state a claim under a section 1595(a)

beneficiary  theory,  plaintiffs  must  allege  facts  to  plausibly

infer the defendant (1)"knowingly benefit[ted] financially or by

receiving anything of value," (2) from participation in a venture,

(3) it "knew or should have known has engaged in" sex trafficking

under section 1591.  A.B. v. Marriott Int'l, Inc., 2020 WL 1939678,

*7 (E.D. Pa. Apr. 22, 2020).

Choice first argues the TVPRA claim fails because the Second

Amended Complaint does not allege Choice committed any "overt act"

that furthered the sex trafficking, and without an overt act Choice

cannot have "participated" under section 1595.   (Doc. #149, pp.

23-24.)  This argument is based on the Sixth Circuit's analysis in

U.S. v. Afyare, in which the court held that section 1591(a)(2),

6

the criminal provision of the TVPRA, "targets those who participate in sex trafficking; it does not target [those] who turn a blind eye to the source of their financial sponsorship."  632 Fed. App'x 272, 286 (6th Cir. 2016).  At least two district courts have relied upon Afyare to require a plaintiff asserting a civil claim under section 1595 to allege the defendant actually participated in the sex trafficking.  See Doe 1 v. Red Roof Inns, Inc., 2020 WL 1872335, *3 (N.D. Ga. Apr. 13, 2020) ("Association alone cannot establish liability; instead, knowledge and 'some participation in the sex trafficking act itself must be shown.'"); Noble v. Weinstein, 335 F. Supp. 3d 504, 524 (S.D. NY 2018) ("Plaintiff must allege specific conduct that furthered the sex trafficking venture.  Such conduct must have been undertaken with the knowledge, or in reckless disregard of the fact, that it was furthering the alleged sex trafficking venture.  In other words, some participation in the sex trafficking act itself must be shown.").

Other district courts to consider this issue, however, have rejected Choice's argument.  See, e.g., J.C. v. Choice Hotels Int'l, Inc., 2020 WL 3035794, *1 n.1 (N.D. Cal. June 5, 2020); S.J. v. Choice Hotels Int'l, Inc., 2020 WL 4059569, *3-4 (E.D. N.Y. July 20, 2020); A.B., 2020 WL 1939678, *13; Doe S.W. v. Lorain-Elyria Motel, Inc., 2020 WL 1244192, *6 (S.D. Ohio Mar. 16, 2020); H.H. v. G6 Hosp., LLC, 2019 WL 6682152, *4 (S.D. Ohio Dec. 6, 2019); M.A. v. Wyndham Hotels & Resorts, Inc., 425 F. Supp. 3d

959, 968-69 (S.D. Ohio 2019).  These courts determined that section 1595 includes a constructive knowledge element, and that "applying the definition of 'participation in a venture' provided for in § 1591(e) to the requirements under § 1595 would void the 'known or should have known' language of § 1595."  M.A., 425 F. Supp 3d at 969; see also J.C., 2020 WL 3035794, *1 n.1; A.B., 2020 WL 1939678, *13; Doe S.W., 2020 WL 1244192, *6; H.H., 2019 WL 6682152, *4.  In the absence of any controlling authority, the Court concludes that actual "participation in the sex trafficking act itself" is not required to state a claim under section 1595.  Accordingly, plaintiffs' failure to allege such actual participation is not fatal to its section 1595 claim under the TVPRA.

Choice next argues the claim fails because as the franchisor Choice does not own or operate the hotels at issue, and therefore has no control over the day-today operations or to whom rooms are rented.  (Doc. #149, p. 27.)  However, this conflicts with the Second Amended Complaint's allegations that Choice was the "owner, operator, manager, supervisor, controller and innkeeper" of the two hotels where sex trafficking is alleged to have occurred. (Doc. #85, ¶¶ 28-29.)  The Court is required to accept these allegations as true, Erickson, 551 U.S. at 94, and "[i]n adjudicating a motion to dismiss, the district court may not resolve factual disputes," Page v. Postmaster Gen. & Chief Exec. Officer of U.S. Postal Serv., 493 Fed. App'x 994, 995 (11th Cir.

2012).   Accordingly, Choice's motion to dismiss on this basis is
denied.

Next, Choice argues plaintiffs fail to allege sufficient
facts to show Choice "knowingly benefitted" from the sex
trafficking.  (Doc. #149, pp. 27-30.)  The Court disagrees.  The
Second Amended Complaint alleges the defendants, including Choice,
knowingly benefitted by (1) receiving payment for the rooms rented
for plaintiffs and their traffickers, and (2) receiving "other
financial benefits in the form of food and beverage sales and ATM
fees from those persons who were engaging in sex trafficking."
(Doc. #85, ¶ 441.)   While Choice argues such allegations are
insufficient (Doc. #149, pp. 28-30), several courts have concluded
otherwise.  See A.B., 2020 WL 1939678, *15 (noting that the "rental
of a room constitutes a financial benefit from a relationship with
the trafficker sufficient to meet [the knowingly benefitted
financially] element of the § 1595(a) standard"); Doe S.W., 2020
WL 1244192, *5 (same); H.H., 2019 WL 6682152, *2 (same); M.A., 425
F. Supp 3d at 965 (same).  The Court agrees with these cases and
finds plaintiffs' allegations sufficient.

Choice next argues the Second Amended Complaint fails to
plausibly allege it knew or should have known of plaintiffs' sex
trafficking.  (Doc. #149, pp. 30-31.)  The Court again disagrees.
In the Second Amended Complaint, plaintiffs allege each defendant

9

knew or should have known about the sex trafficking venture based

on the following:

> a. Requests by the traffickers to rent rooms near exit
> doors;
>
> b. Cash payments for the rooms by the sex traffickers;
>
> c. Refusal of housekeeping services by those persons
> engaged in sex trafficking;
>
> d. Excessive used condoms located in the rooms used for
> sex trafficking;
>
> e. Excessive requests for towels and linens in the rooms
> used for sex trafficking;
>
> f. Hotel staff observing S.Y. and C.S. and their
> traffickers in the hotel;
>
> g. S.Y. and C.S. being escorted by traffickers in the
> hotel;
>
> h. Pleas and screams from [sic] help coming from the
> rooms of S.Y. and C.S.;
>
> i. Operation of sex trafficking ventures out of the same
> hotel room for multiple days or weeks in succession;
>
> j. Multiple men per day coming and going from the same
> rooms without luggage or personal possessions;
>
> k. Online reviews of Defendants' properties which
> described prostitution and commercial sex work taking
> place at Defendants' properties; and
>
> l. Knowledge of police and EMS activity at Defendants'
> properties and at other locations near Defendants'
> properties that is related to commercial sex work[.]

(Doc. #85, ¶ 442.)  Courts considering similar allegations have

found them sufficient to infer a defendant knew or should have

known of the sex trafficking venture, see A.B., 2020 WL 1939678,

10

*17; Doe S.W., 2020 WL 1244192, *5-6; H.H., 2019 WL 6682152, *3;

M.A., 425 F. Supp 3d at 967-68, and the Court finds these

allegations sufficient as well.  Additionally, Rule 9(b) of the

Federal Rules of Civil Procedure allows knowledge to be plead

generally.

Finally, Choice challenges plaintiffs' allegations suggesting

it is vicariously liable.  (Doc. #149, pp. 31-34.)   The Second

Amended Complaint alleges Choice was in an agency relationship

with the two hotels at issue, as well as being a joint employer

with these two hotels.  (Doc. #85, ¶¶ 181-84, 187-90, 206-09, 212-

15.)   Choice argues the Second Amended Complaint insufficiently

alleges it was either an actual or apparent agent of its

franchisees, again noting that it does not own or operate either

of the hotels at issue.   (Doc. #149, pp. 31-34.)   Plaintiffs

correctly respond that they do not need to prove an agency

relationship at this stage, but simply set forth plausible

allegations that one exists.   (Doc. #158, pp. 16-17.)   Having

reviewed the allegations at issue, the Court finds them sufficient

to satisfy the motion to dismiss standard.

"It is well-established that a franchise relationship does

not by itself create an agency relationship between the franchisor

and franchisee."   Cain v. Shell Oil Co., 994 F. Supp. 2d 1251,

1252 (N.D. Fla. 2014).   However, "[f]ranchisors may well enter

into an agency relationship with a franchisee if, by contract or

action or representation, the franchisor has directly or apparently participated in some substantial way in directing or managing acts of the franchisee, beyond the mere fact of providing contractual franchise support activities." Mobil Oil Corp. v. Bransford, 648 So. 2d 119, 120 (Fla. 1995).  In the Second Amended Complaint's agency allegations, plaintiff asserts Choice exercised control over the means and methods of how its franchisees conducted business in a variety of ways, such as profit sharing, standardized training, standardized rules of operation, regular inspection, and price fixing.  (Doc. #85, ¶¶ 181-86, 206-11.)  Courts have found similar allegations sufficient to support a claim of an agency relationship, A.B., 2020 WL 1939678, *19-20; Doe S.W., 2020 WL 1244192, *7; H.H., 2019 WL 6682152, *6; M.A., 425 F. Supp. 3d at 972, and the Court does as well.[3]

---

[3] To the extent Choice suggests an agency relationship does not exist, such a determination "is generally a question of fact for the jury unless the sole basis for the alleged agency rests in the interpretation of a single contract in which case the determination may be a question of law to be determined by the court." Cain, 994 F. Supp. 2d at 1253.  Since the Second Amended Complaint alleges an agency relationship based upon the interaction between Choice and its franchisees, the Court finds this to be a question of fact inappropriate to decide on a motion to dismiss.  See Banco Espirito Santo Int'l, Ltd. v. BDO Int'l, B.V., 979 So. 2d 1030, 1032 (Fla. 3d DCA 2008) ("Unless the alleged agency relationship is to be proven exclusively by analysis of the contract between the principal and agent (in which case the question is an issue of law), the relationship is generally a question of fact and should be analyzed by looking at the totality of the circumstances.").  For similar reasons, the Court declines to address Choice's related argument (Doc. #149, pp. 34-35) regarding the Second Amended Complaint's joint employer

In summary, the Court finds the allegations in the Second Amended Complaint sufficient to state a claim under section 1595 of the TVPRA against Choice.   Accordingly, the Court denies Choice's request to dismiss the claim pursuant to Rule 12(b)(6).

**B. Improper Joinder**

In its motion, Choice suggests the two plaintiffs "have misjoined their claims in a single suit, and their claims should be severed, or a party should be removed" pursuant to Rule 21 of the Federal Rules of Civil Procedure.   (Id. pp. 20-21.)   In response, plaintiffs note that they "consent to said motion" (Doc. #158, p. 1 n.1), and previously filed a motion consenting to severance in May 2020 (Doc. #153).[4]

The Court agrees that the current joinder of parties is inappropriate, and that the requested severance is appropriate. The Court is not convinced, however, that a single plaintiff can properly join all defendants in her own separate complaint.   It may be necessary for each plaintiff to further separate defendants in additional complaints.   The Court need not decide that issue at this time, and will leave the scope and number of any amended or

---

allegations.   See U.S. E.E.O.C. v. Rooms to Go, Inc., 2006 WL 580990, *9 (M.D. Fla. Mar. 8, 2006) ("Whether an entity has retained sufficient control to be deemed a joint employer is a question of fact.").

[4] The Court previously reserved ruling on plaintiffs' motion to sever. (Doc. #154)

13

additional pleadings to plaintiffs, subject of course to additional motions to dismiss.

### C. Irrelevant Allegations and Shotgun Pleading

The Second Amended Complaint contains various allegations regarding sex trafficking in general and its relationship with the hospitality industry, as well as general allegations about the defendants' knowledge of sex trafficking's prevalence and the failure to prevent it. (Doc. #85, ¶¶ 1-4, 9-13, 73-92.) In its motion, Choice requests the Court strike these allegations pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, describing the allegations as "salacious," "impertinent," and "having no bearing on this case." (Doc. #149, p. 20.)

Pursuant to Rule 12(f), a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. The court enjoys broad discretion in determining whether to grant or deny these motions to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Hutchings v. Fed. Ins. Co., 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008) (marks and citation omitted). It is not intended to "procure the dismissal of all or part of a complaint." Id. Likewise, a motion to strike is a drastic remedy and is disfavored by the courts. Schmidt v. Life Ins. Co. of N.

Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012). Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

Having reviewed the allegations at issue, the Court agrees that those regarding sex trafficking in general and its relationship with the hospitality industry should be stricken as irrelevant. See Doe 1, 2020 WL 1872335, *5 ("Plaintiff's current Amended Complaint contains redundant, immaterial, impertinent or scandalous matter including 'puffing' about sex trafficking and what it is and why it's bad. Such matters have no bearing on issues in this case and could serve to prejudice Defendants and confuse the facts at issue." (citation omitted). Accordingly, plaintiffs are directed to remove these allegations from any amended or additional pleading.[5] Lisicki v. Lee Mem'l Health Sys., 2019 WL 5887176, *1 (M.D. Fla. Nov. 12, 2019) (striking various allegations as immaterial).

Finally, Choice argues the Second Amended Complaint should be dismissed outright as a shotgun pleading. (Doc. #149, p. 18.) Specifically, Choice argues the Second Amended Complaint (1) incorporates the same non-continuous paragraphs in each of the

---

[5] The Court finds the allegations regarding the defendants' knowledge of the prevalence of sex trafficking and the failure to prevent it are relevant to the plaintiffs' claims.

claims, (2) alleges conclusory, vague and immaterial facts about sex trafficking, why it is bad, and the hospitality industry's participation in it, and (3) merely reiterates the elements of the claims without alleging specific facts or circumstances that give rise to Choice's liability.  (Id.)

The Court agrees that the Second Amended Complaint constitutes an improper shotgun pleading.  See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing four types of shotgun pleadings, the most common of which "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"); Spigot, Inc. v. Hoggatt, 2020 WL 108905, *1 (M.D. Fla. Jan. 9, 2020) (dismissing complaint without prejudice for restating and re-alleging each paragraph in each claim).  Given that plaintiffs have abandoned several claims against several defendants and consented to sever their claims, the Court will dismiss the Second Amended Complaint with leave to amend.  Plaintiff(s) may file a third amended complaint or additional complaints, without the improper incorporation of paragraphs.

Accordingly, it is now

**ORDERED:**

1. Defendant Choice Hotels International, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint, or in the alternative, To Sever and Strike and Memorandum in Support (Doc. #149) is **GRANTED in part and DENIED in part** for the reasons expressed herein.

2. The Second Amended Complaint is **dismissed without prejudice**.  Within **FOURTEEN (14) DAYS** of this Opinion and Order, plaintiff S.Y. shall file a Third Amended Complaint against some or all of the defendants.  If she chooses to separate her claims, plaintiff S.Y. may also file within **FOURTEEN (14) DAYS** a new complaint(s) in a new case(s) against the relevant defendants.  Upon the filing of the Third Amended Complaint, plaintiff C.S. will be terminated from this case.

3. Plaintiff C.S. shall have **FOURTEEN (14) DAYS** from this Opinion and Order to file a new complaint(s) in a new case(s), setting forth her claims against a defendant or defendants.  Both plaintiffs are directed to use this time to remove any withdrawn claims, as well as any language the Court has stricken and the improper incorporation of paragraphs, from future complaints.

4. The remaining pending motions to dismiss the Second Amended Complaint (Doc. ##96, 142, 143, 144, 145, 146, 147, 148,

17

215, 232, 233, 247, 250, 258, 273, 274, 278, 280, 281, 283,

287, 289) are **DENIED as MOOT.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of

August, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

18