IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| S.Y.,<br><br>　　　Plaintiff,<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC. and ROBERT VOCISANO,<br><br>　　　Defendants. | CASE NO.<br>2:20-CV-00118-FtM-29MRM |

**DEFENDANT ROBERT VOCISANO'S OBJECTIONS
TO REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Local Rule 1.02, Defendant ROBERT VOCISANO ("VOCISANO"), by and through the undersigned counsel, hereby files its Objections to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 354), which recommends that Plaintiff's Motion to Proceed Anonymously and for Entry of a Protective Order (the "Motion") (Doc. 335) be granted in part and denied in part.

**PRELIMINARY STATEMENT**

Plaintiff, in this and several other actions, contends that she was a victim of sex trafficking at various Florida hotels, including hotels owned by independent hotel owners like VOCISANO. Though VOCISANO denies Plaintiff's allegations, it consented to Plaintiff's request to proceed anonymously in pre-trial public filings. But, as detailed in

VOCISANO's Response to Plaintiff's Motion to Proceed Anonymously and for Entry of Protective Order (the "Response") (Doc. 340), VOCISANO opposed Plaintiff's proposed protective order insofar as it seeks to impose overly restrictive limitations that are not supported by fact or law.  As stated in the R&R, "Plaintiff's proposed protective order appears to be an eclectic list of excessively restrictive protective measures that are not meaningfully tailored to the specific circumstances in Plaintiff's case." *See* Doc. 354 at 19.  Still, the R&R recommended the adoption of several of Plaintiff's measures.

VOCISANO respectfully objects to the R&R because it makes several recommendations that, if adopted, will prejudice VOCISANO's ability to effectively investigate and defend against the Plaintiff's claims.  Specifically, VOCISANO objects to the recommendations that: (1) fact witnesses be required to sign an agreement to be bound by the protective order before Defendants can share Plaintiff's identity, *id.* at 32, (2) disclosure of Plaintiff's identity to her alleged traffickers be limited only to identifying information from the alleged trafficking period, *id.* at 28, and (3) any protective order entered in this matter extend its protections to "other victims of sex trafficking," *id.* at 37, and (4) Plaintiff's True Identity be disclosed to limited individuals, which do not include Parties or insurers, *id.* at 34-35.  These recommendations will hamstring VOCISANO's ability to investigate and defend against Plaintiff's allegations.  Accordingly, VOCISANO respectfully objects to the three recommendations set forth above.

## BACKGROUND

Plaintiff filed this lawsuit in August 2020 (after having dismissed her initial action filed in October 2019), yet Plaintiff still has not disclosed her name or other personal identifying information to Defendants, thus preventing VOCISANO from being able to fully investigate her allegations, and thereby delaying discovery. On February 24, 2021, Plaintiff filed a Motion to Proceed Anonymously and for Entry of a Protective Order (the "Motion") seeking sweeping protections, including prohibiting Defendants from: (1) using Plaintiff's identity throughout "the conclusion of this matter," even including trial, (2) contacting Plaintiff's alleged traffickers for investigative purposes without prior approval of Plaintiff's counsel or the Court, and (3) revealing Plaintiff's identity to fact witnesses unless they sign an agreement to be bound by the terms of the protective order. *See* Doc. 335 at 2, 4–5. Moreover, Plaintiff sought to unilaterally impose these limitations only on Defendants' investigation, while proposing that she be permitted to proceed unrestricted by the same restrictions. *See id.* at 4. The Motion and proposed protective order define Plaintiff's "identity" broadly, including Plaintiff's names and aliases, personal identifying information, contact information and social media accounts, photographs of Plaintiff, Plaintiff's likeness, and the names of Plaintiff's family members. *See id.* at 2.

VOCISANO filed its Response to Plaintiff's Motion on March 10, 2021, *see* Doc. 340, explaining that, while it does not object to Plaintiff's request to proceed anonymously in pre-trial proceedings, Plaintiff's proposed protective order unfairly sought to require VOCISANO to disclose privileged work product, inhibit its ability to interview critical

witnesses, and prevent VOCISANO from the full use of Plaintiff's identity. For example, VOCISANO emphasized that these limitations unduly weighed against Defendants and impermissibly intruded on VOCISANO's right to investigate and defend against the claims. Plaintiff did not file a reply.

On June 11, 2021, the Magistrate Judge issued the R&R recommending that Plaintiff's Motion be granted in part and denied in part. In analyzing Plaintiff's proposed protective order, the R&R recognized its "poor drafting" and that it amounted to "an eclectic list of excessively restrictive protective measures that are not meaningfully tailored to the specific circumstances in Plaintiff's case." *See* Doc. 354 at 19–20. The R&R addressed each of Plaintiff's requested protective measures individually and made the following findings:

1. Plaintiff failed to demonstrate good cause for preventing Defendants from disclosing Plaintiff's True Identity to her alleged traffickers, *id.* at 23;

2. Defendants should not be required to notify or meet and confer with Plaintiff's counsel before contacting the alleged traffickers, *id.* at 29;

3. Plaintiff has met her burden for precluding Defendants from disclosing Plaintiff's True Identity to other fact witnesses unless they sign an agreement to be bound by the protective order, *id.* at 32;

4. Plaintiff should be permitted to proceed anonymously throughout this litigation, until trial, *id.* at 34;

5. Plaintiff has not demonstrated good cause to prevent Defendants from disclosing the alleged traffickers' identifying information on the public docket, *id.* at 36; and

> 6. The parties should work together to propose a modified protective order to extend similar protections "to other victims of sex trafficking." *Id.* at 37.

Ultimately, the R&R found that Plaintiff's requested relief "fails to strike the appropriate balance between Plaintiff's safety interests and Defendants' interests in investigating and defending against Plaintiff's claims." *Id.* at 19. Accordingly, the R&R recommends that the proposed protective order should not be entered as written. *Id.*

But the R&R recommended a number of measures that would impede VOCISANO's investigation of Plaintiff's claims. For example, the recommendation that fact witnesses be required to sign an agreement before Defendants can share Plaintiff's identity is likely to discourage certain witnesses from sharing what they may know. In addition, given that Plaintiff has responded to several requests for photographs in discovery as "…*Plaintiff has no documents responsive to this request*"…. *see* Ex. A at 6, 11 and 12, the recommendation that Defendants be prohibited from sharing identifying information outside of the alleged trafficking period not only prejudices Defendant in its ability to determine which photographs are permissible, but also unnecessarily impedes Defendant's ability to conduct its investigation. Further, by prohibiting Defendants from sharing any information about "other victims of sex trafficking" without defining those individuals, the R&R would place Defendants in a position of not knowing whether information they may seek to share is covered by the protective order. Finally, the recommendation regarding permissible disclosure of Plaintiff's True Identity is silent as to: a) employees, officers and

representatives of the Parties (current and former); and b) insurers for the Parties and employees, agents, and representatives of the insurers as needed to investigate the action. These recommendations unduly prejudice Defendants' ability to defend against Plaintiff's allegations, and, as such, are clearly erroneous and contrary to the law. *See* Fed. R. Civ. P. 72(a).

To be clear, VOCISANO has no intention of using Plaintiff's identity, or the identity of any other alleged victim, for any purpose other than to investigate and defend against Plaintiff's serious allegations. But, having brought this action, among numerous others, accusing VOCISANO and other defendants of participating in sex trafficking (albeit in only conclusory terms), Plaintiff's interests must be balanced against VOCISANO's due process rights. Accordingly, VOCISANO requests that the Court decline to adopt those recommendations that are unworkable and would prejudice Defendants in their discovery efforts. No good cause exists for these sweeping restrictions and VOCISANO objects to each as discussed below.

## ARGUMENT

**I.     The Recommendation that Potential or Actual Fact Witnesses Be Required to Sign an Undertaking Before Plaintiff's Identity Can Be Disclosed Unilaterally Prejudices Defendants.**

Prohibiting Defendants from disclosing Plaintiff's identity to fact witnesses unless they sign an agreement to be bound by the protective order places unilateral and undue burdens on Defendant's ability to conduct witness interviews. "[C]ourts have looked with considerable disfavor on attempts to place limits on a lawyer's ability to interview

prospective witnesses, even when judicially imposed." *Mompoint v. Lotus Development Corp.*, 110 F.R.D. 414, 417 (D. Mass. 1986). While agreements to be bound can be routine in commercial cases where there is an interest in protecting commercially sensitive information from public disclosure, those concerns are not comparable here, where the limited disclosure of Plaintiff's identity—which includes not simply Plaintiff's name, but photographs or descriptions of Plaintiff—to a small set of potential witnesses is critical to obtaining relevant testimony from individuals with requisite knowledge. Indeed, courts have recognized that the disclosure of the plaintiff's identity to fact witnesses is necessary to facilitate effective and complete discovery. *See, e.g.*, *Doe v. John F Kennedy Univ.*, 2013 WL 4565061, at *4 (N.D. Cal. Aug. 27, 2013) (finding "Defendants' efforts to investigate the case would be hampered" by anonymity and "[t]hird-party discovery would be similarly awkward and difficult"); *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 2008 WL 4755674, at *6 (D. Haw. Oct. 28, 2008) (finding "discovery will be burdened if Plaintiffs' identities are kept secret" from witnesses), *aff'd* 596 F.3d 1036 (9th Cir. 2010).

The consequences of requiring witnesses to execute an agreement to be bound before any of Plaintiff's identifying information can be disclosed are severe. Absent from the R&R's analysis is the consideration that some witnesses may refuse because they cannot legally or practically agree to be bound by the protective order.

The restriction does not make sense, for example, when applied to law enforcement officers who may not be able to agree to keep Plaintiff's identity confidential during and

after the conclusion of this matter, because these officers are involved in the investigation and prosecution of alleged sex trafficking outside of the context of this litigation. Further, as written, the R&R may prohibit defense counsel from informing law enforcement of a new or ongoing criminal violation during discovery. The R&R as written may also require that law enforcement sign a protective order in this circumstance, in furtherance of a criminal investigation. In sum, counsel must be permitted to have free communication with law enforcement regarding the investigation of Plaintiff and any other potential witness, regardless of whether the witness may be an alleged victim of sex trafficking. Counsel must be permitted to report names and identities to law enforcement if necessary.

Moreover, this Court should exempt healthcare providers who receive a HIPAA release from the Plaintiff from the requirement to be bound by the protective order. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") provides robust privacy protections for patients. To the extent that a Plaintiff executes a release permitting the release of information governed by HIPAA, the Court should not require the healthcare provider to sign the protective order, which would be unnecessary and duplicative.

Additionally, for VOCISANO to depose—or even question—an acquaintance or family member of Plaintiff, who is already well aware of Plaintiff's identity, that witness would need to sign an agreement prohibiting them from ever revealing information related to Plaintiff's identity in the future, making this requirement not only impracticable, but also likely to deter witnesses from signing the agreement at all.

The R&R acknowledges that "the potential that a fact witness may refuse certainly exists," *see* Doc. 354 at 33, but its proposed remedy does not alleviate the burden imposed on VOCISANO by the restriction. Permitting Defendants to file an *ex parte* motion upon a showing of good cause requesting leave to disclose Plaintiff's identity to a fact witness that refuses to sign the agreement to be bound creates yet another hurdle VOCISANO must overcome just to interview witnesses about their knowledge of the facts underlying this case. Defendants and the Court will be forced to expend resources and time for every witness who refuses to sign the agreement.

Moreover, the R&R, does not recommend imposing the same restriction on Plaintiff's ability to disclose her identifying information to potential fact witnesses. Under the R&R's recommendation, Plaintiff would be free to call friends and family members as witnesses, while VOCISANO would be prohibited from questioning these witnesses about Plaintiff unless they sign an agreement that they will never disclose Plaintiff's identity.

Because this restriction places an undue burden on only Defendants and fails to adequately weigh VOCISANO's "interest in obtaining discovery and preparing for trial," this Court should decline to adopt the requirement that fact witnesses sign an agreement to be bound before Plaintiff's identity can be disclosed. *See Dovin v. Nair and Co., Inc.*, 2009 WL 10670226, at *1 (M.D. Fla. Aug. 7, 2009).

## II. VOCISANO Will Be Unduly Prejudiced If It Is Limited to Disclosing to the Alleged Traffickers Only Plaintiff's Identifying Information from the Alleged Trafficking Period.

This Court should not impose a restriction on the use of Plaintiff's identity, including photographs or physical descriptions of Plaintiff, outside of the alleged trafficking period. Although VOCISANO certainly agrees that it will not disclose, for example, Plaintiff's current address or contact information to the alleged traffickers, the restriction on disclosing only Plaintiff's likeness from the alleged trafficking period is unworkable. Restrictions imposed by a protective order must be "reasonably specific." *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1244 (11th Cir. 2007). "An order meets the reasonable specificity requirement only if it is a clear, definite, and unambiguous order requiring or prohibiting the action in question." *Id.* (quoting *In re E.I. DuPont De Nemours & Co.-Benlate Litig.*, 99 F.3d 363, 370 (11th Cir. 1996)).

Ordering that Defendants "be strictly limited to" disclosing to Plaintiff's alleged traffickers "any names, aliases, pictures, or images used by or depicting Plaintiff or her likeness ***during the relevant time period***" (*i.e.*, the time that Plaintiff alleges she was trafficked from 2013 through 2016) is not reasonably specific because in many instances, VOCISANO will not know whether the information it seeks to use is prohibited by the R&R. *See* Doc. 354 at 28 (emphasis added). To adequately investigate Plaintiff's involvement in the alleged trafficking scheme, VOCISANO needs to show photographs of Plaintiff to her alleged traffickers to aid them in recalling or testifying to relevant facts. But VOCISANO may not be able to verify whether any photographs or descriptions of

Plaintiff are from the alleged trafficking period. Plaintiff has responded to several requests for photographs in discovery as "…*Plaintiff has no documents responsive to this request*"…. *see* Ex. A at 6, 11 and 12. VOCISANO therefore may not be able to confirm whether any photographs of Plaintiff it obtains are from the relevant time period. If adopted, the R&R's recommendation would preclude VOCISANO from showing any such images to Plaintiff's alleged traffickers.

VOCISANO understands the sensitive nature of this case and through this objection, does not seek to reveal to Plaintiff's alleged traffickers any of her personal information beyond what is necessary to perform an adequate investigation. Indeed, VOCISANO certainly does not intend to share with Plaintiff's alleged traffickers her address, social security number, phone number, or any other contact information. But Plaintiff's non-production of materials responsive to VOCISANO's requests means that VOCISANO must rely heavily on third-party witnesses, including Plaintiff's alleged traffickers, in its investigation of the underlying facts. Such interviews will only be effective if VOCISANO is able to use at least some of Plaintiff's identifying information, including photographs, to question the traffickers about Plaintiff's alleged involvement in the trafficking scheme.

The R&R fails to account for the fact that VOCISANO may not be able to accurately determine whether photographs or descriptions of Plaintiff are from the alleged trafficking period. The R&R is thus unworkable and would severely hamper VOCISANO's ability to investigate Plaintiff's claims. This Court, accordingly, should not adopt this portion of the R&R.

### III. The Recommendation to Extend Similar Protections to Unknown and Unnamed "Other Victims of Sex Trafficking" Creates a Vague, Unworkable Standard.

The R&R further recommends that "the parties be required to craft and propose language in a modified proposed protective order that . . . affirmatively extends the same or similar protections afforded to Plaintiff to other victims of sex trafficking." *See* Doc. 354 at 38. These individuals, however, are unnamed and unknown. Privacy rights are "personal to the individual," *see Wheeler v. Blackbear Two, LLC*, 2012 WL 5989423, at *3 (M.D. Fla. Nov. 30, 2012), and Plaintiff cannot impede discovery based on the privacy interests of non-party individuals. *See Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 694 (S.D. Fla. Aug. 19, 2011) (holding that Defendants cannot challenge discovery based on the privacy rights of individuals who "have not intervened in the case to advance their privacy interests, nor [ ] otherwise challenged the potential disclosure of emails containing their names and email addresses"). Additionally, as noted above, a protective order must be "reasonably specific," clearly and unambiguously stating which actions are allowed and which are prohibited. *Romero*, 480 F.3d at 1124 ("An order meets the reasonable specificity requirement only if it is a clear, definite, and unambiguous order requiring or prohibiting the action in question." (quotation and marks omitted)). No alleged victims of sex trafficking—other than Plaintiff and her former co-plaintiff, C.S.—have been identified, and it is therefore unworkable for the parties to attempt to protect the privacy interests of unknown individuals who are not parties to this proceeding and whose identities have not been disclosed. *See id.*

To be clear, VOCISANO has no intention of needlessly disclosing private, third-party individuals' information to the public. But the R&R overreaches in recommending that the parties craft modifying language extending protections to unspecified individuals who have never asserted a privacy interest and whose identities are currently unknown. This recommendation creates a vague and unworkable standard not reasonably narrowed to protect the specific privacy interest at issue in this case, and accordingly, should not be adopted by this Court.

IV. **The Recommendation Allowing for Disclosure of Plaintiff's True Identity Excludes Necessary Individuals.**

The R&R fails to include either "employees, officers and representatives of the Parties (current and former)", or "insurers for the Parties and employees, agents and representatives of the insurers as needed to investigate the action." These individuals are material to the investigation of this matter and require disclosure of Plaintiff's True Identity.

## CONCLUSION

For the foregoing reasons, VOCISANO respectfully requests that this Court decline to adopt the recommendations in the R&R that: (1) potential or actual fact witnesses be required to execute an agreement to be bound before Plaintiff's identity can be disclosed, (2) Defendants may only disclose Plaintiff's likeness from the alleged trafficking period to her alleged traffickers, and (3) the protective order extend to protect unidentified "other

victims of sex trafficking." and (4) Plaintiff's True Identity be disclosed to limited individuals, which do not include Parties or insurers.

COLEMAN, HAZZARD, TAYLOR,
KLAUS, DOUPÉ & DIAZ, P.A.

By: /s/ Christyna Torrez
    J. Michael Coleman, Esq.
    Florida Bar No. 606618
    mcoleman@chtlegal.com*
    Christyna M. Torrez, Esq.
    Florida Bar No. 042671
    ctorrez@chtlegal.com*
    **LEAD TRIAL COUNSEL *for Robert Vocisano***
    4099 Tamiami Trail North
    Suite 201
    Naples, FL 34103
    239-298-5200
    239-298-5236 (facsimile)

*All service e-mail should be sent to: service@chtlegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of June, 2021 the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

COLEMAN, HAZZARD, TAYLOR,
KLAUS, DOUPÉ & DIAZ, P.A.

By: /s/ Christyna Torrez
    Christyna M. Torrez, Esq.
    Florida Bar No. 042671

m:\quality inn\24 - s.y. and c.s\word file\motions\objection to r&r protective order.docx